**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

DAVID ANDREW MAPLES,

                Plaintiff,

v.                                                  Case No. 07-CV-14964

CARL MARLINGA and JAMES SULLIVAN,

                Defendants.
_____/

**ORDER OF DISMISSAL**

David Andrew Maples ("Plaintiff") is a prisoner currently confined at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* complaint for money damages under 42 U.S.C. § 1983. Defendants are Carl Marlinga and James Sullivan, who appear to have been prosecuting attorneys for Macomb County, Michigan at the time of Plaintiff's criminal trial in state court. The complaint alleges that Defendants violated their oath of office by threatening and coercing Plaintiff's co-defendant into not testifying at Plaintiff's trial. This claim is based on the decision of the United States Court of Appeals for the Sixth Circuit in *Maples v. Stegall*, 427 F.3d 1020 (6th Cir. 2005).

**I. STANDARD OF REVIEW**

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. All or part of an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary

relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id*. at 1965 (citations and footnote omitted).

## II. DISCUSSION

The pending complaint is frivolous and fails to state a claim because it challenges Plaintiff's state conviction. Plaintiff has no right to relief in a civil rights action unless and until his conviction is invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and other Supreme Courts cases, when taken together, indicate that a prisoner's civil rights action is barred (absent prior invalidation), regardless of the relief sought (damages or equitable relief) or the target of the prisoner's suit (conduct leading to conviction or internal prison proceedings), "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff correctly points out that he prevailed on habeas corpus review of his state conviction. *See Maples*, 427 F.3d at 1020. However, the holding in *Maples* was that Plaintiff "suffered a Sixth Amendment violation of his right to effective assistance of counsel." *Id.* at 1034. Specifically, the Court of Appeals found that Plaintiff's speedy trial claim had merit and, under *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), he was prejudiced by his attorney's deficient performance in advising him that he could simultaneously plead guilty and retain his speedy trial claim for appeal. *See id.*

The Court of Appeals opined that a plea bargain, which required Petitioner's co-defendant not to testify in Plaintiff's behalf at trial, "may have violated Petitioner's right to compulsory process." *Id.* The Court of Appeals went on to say:

> We have previously stated that "governmental conduct which amounts to a substantial interference with a witness'[s] free and unhampered determination to testify will violate due process." *United States v. Foster*, 128 F.3d 949, 953 (6th Cir. 1997). While a prosecutor can warn a potential defense witness about the consequences of perjury, a prosecutor cannot threaten to reinstate previous charges against that witness.

*Id.* Significantly, however, the Court of Appeals did not hold or even state that the prosecutors in Plaintiff's state criminal case threatened or coerced Plaintiff's co-defendant into not testifying in Plaintiff's behalf. The Court of Appeals merely stated that the co-defendant's "plea condition *may* have violated Petitioner's right to compulsory process." *Id.* (emphasis added). Thus, Plaintiff's state conviction was not invalidated or impugned on the ground asserted in the pending complaint.

Even if Plaintiff's claim were cognizable in a civil rights action, prosecutors enjoy absolute immunity from damages liability for acts "intimately associated with the judicial phase of the criminal process," including the initiation of a prosecution and presentation

3

of the Government's case.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  "[A]s long as the prosecutors were functioning in an enforcement role and acting as advocates for the state in initiating and prosecuting judicial proceedings, they are entitled to an absolute immunity defense."  *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000).

"Prosecutorial decisions regarding witness testimony . . . are activities intimately associated with the judicial phase of a criminal trial and, therefore, are protected by absolute prosecutorial immunity," although a prosecutor who threatens and coerces a witness to maintain false testimony after the conclusion of adversarial proceedings is not entitled to absolute immunity.  *Spurlock v. Thompson,* 330 F.3d 791, 798-801 (6th Cir. 2003).  Prosecutors also "are not entitled to absolute immunity for 'investigative' or 'administrative' acts."  *Burns v. Reed*, 500 U.S. 478, 483 n.2 (1991).

The prosecutorial conduct alleged here (requiring Plaintiff's co-defendant, as part of a plea bargain, not to testify in Plaintiff's behalf) was intimately associated with the judicial phases of Plaintiff's and his co-defendant's criminal cases; it was neither administrative, nor investigatory, conduct.  Therefore, Defendants enjoy absolute prosecutorial immunity from damages liability.

### III.  CONCLUSION

The complaint lacks an arguable basis under law and fails to state a claim for which relief may be granted.  Accordingly,

IT IS ORDERED that this action is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

For the reasons stated in this order, the court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: December 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 28, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522